IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 09-294 |
| ) | |
| v. ) | Criminal No. |
| ) | (29 U.S.C. § 439(c)) |
| DAVID COME ) | |

## INFORMATION

The United States Attorney charges:

At all times material to this Information:

1. The defendant, DAVID COME, held the office of Vice President and Assistant Business Manager of International Brotherhood of Electrical Workers (IBEW) Union, AFL-CIO, Local Union 1919 (hereinafter, "IBEW Local 1919").

2. IBEW Local 1919 was a labor organization engaged in an industry affecting commerce within the meaning of Sections 402(i) and (j) of Title 29, consisting of approximately 600 active members employed at seven employers, including Asphundh Tree Expert Company, Lewis Tree Service and Nelson Tree Service, Incorporated, with jurisdiction over line clearance, tree trimming and arboriculture work.

3. IBEW Local 1919 maintained a general fund checking account at Progressive Home Federal in Dormont, Pennsylvania, listed under International Brotherhood of Electrical Workers, Local Union 1919, for the necessary and ordinary financial needs of the organization. Signatories on the account were the President and Business Manager, the Financial Secretary and Treasurer, and the

Vice President and Assistant Business Manager. The Financial Secretary/Treasurer handled IBEW Local 1919's finances.

4. IBEW Local 1919 is governed by its own bylaws and the Constitution and Bylaws of the International Brotherhood of Electrical Workers.

5. According to IBEW Local 1919's bylaws, all expenses related to the operation of the union are reimbursable to officers through the submission of an expense voucher to the financial secretary/treasurer. Expense vouchers must have all supporting documentation attached prior to reimbursement.

6. As an officer, that is, Vice President and Assistant Business Manager, of IBEW Local 1919, the defendant, DAVID COME, was entitled to seek reimbursement from IBEW Local 1919 for any expenses occurred while conducting union business.

## COUNT ONE

7. The matters set forth above at paragraphs one through six are hereby re-alleged and incorporated by reference as though fully set forth herein.

8. From in and around January 2006, until in and around January 2007, in the Western District of Pennsylvania, the defendant, DAVID COME, did willfully make and cause to be made false entries in records required to be maintained by Section 436 of Title 29, United States Code, that is, the defendant, DAVID COME, submitted false expense vouchers to IBEW Local 1919 for reimbursement of expenses incurred while conducting union business, which are records on matters required to be reported in the annual financial report of the IBEW Local 1919 required to be filed with the Secretary of Labor.

In violation of Title 29, United States Code, Section 439(c).

*[signature]*

MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254